**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY E. MARSHALL,
Plaintiff-Appellant,

v.

TOYOTA MOTOR SALES, U.S.A.,
INCORPORATED, a foreign corporation;
TOYOTA MOTOR CREDIT
CORPORATION, a foreign corporation;
LOUDOUN AUTOMOTIVE IMPORTS,
INCORPORATED, d/b/a Leesburg                                No. 98-2581
Toyota, a Maryland corporation,
Defendants-Appellees,

and

TOYOTA MOTOR MANUFACTURING,
U.S.A., INCORPORATED; TRW
TECHNAR, INCORPORATED, a foreign
corporation,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-98-383-A)

Submitted: May 11, 1999

Decided: June 14, 1999

Before MOTZ and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Conrad J. Marshall, McLean, Virginia, for Appellant. Joel A. Dewey,
H. Bruce Dorsey, PIPER & MARBURY, L.L.P., Baltimore, Mary-
land; Anthony E. Grimaldi, MARTELL, DONNELLY, GRIMALDI
& GALLAGHER, P.A., Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mary E. Marshall appeals the district court's grant of Defendants'
motions to dismiss and denial of her motion for reconsideration. The
district court dismissed Marshall's complaint on the ground that com-
plete diversity did not exist, as both Marshall and Defendant Loudoun
Automotive Imports ("Loudoun") were citizens of Virginia. Marshall
also appeals the denial of her motions to amend and to dismiss Lou-
doun, the denial of oral argument, and the district court's dismissal of
all parties when two parties were allegedly in default. We affirm.

I. FACTUAL BACKGROUND

Mary E. Marshall sued appellees Loudon, Toyota Motor Sales
("TMS"), Toyota Motor Credit Corporation ("TMCC"), Toyota Motor
Manufacturing ("TMM"), and TRW Technar ("TRW") for injuries
suffered in a car accident. In her complaint, Marshall alleged that she
is a resident of Virginia. Marshall further alleged that Loudoun is a
Maryland corporation with its principal place of business in Leesburg,
Virginia. Marshall asserted diversity of citizenship as the only
grounds for jurisdiction in the district court.

2

Loudoun filed an answer to Marshall's complaint, admitting that Loudoun was a Maryland corporation with its principal place of business in Virginia. On June 5, TMS and TMCC filed a motion to dismiss for lack of subject matter jurisdiction based on the lack of complete diversity. Under E.D. Va. R. 7(E)(1), Marshall was required to file a responsive brief to the motion to dismiss within eleven days after service. Marshall did not file a brief nor did she move for an extension.

On July 17, Loudoun filed it own motion to dismiss based upon lack of diversity of citizenship. Loudoun attached Maryland articles of incorporation to its motion. These articles stated that "[t]he street address of the place at which the principal office of the Corporation in this State will be located is 15525 Frederick Road, Rockville, Maryland 20855."

On July 30, the court informed the parties that it would rule on the papers submitted and that, therefore, the hearing was cancelled. In response and also on July 30, Marshall filed a response to defendants' motions to dismiss along with several motions. This memorandum contended that Marshall's counsel erred in his allegations regarding Loudoun's principal place of business. Based on the articles of incorporation, Marshall requested discovery regarding Loudoun's principal place of business and leave to amend her complaint accordingly. In the alternative, Marshall moved to take a voluntary nonsuit as to Loudoun or to dismiss Loudoun in order to preserve diversity. The district court granted the motions to dismiss without prejudice on the ground that complete diversity did not exist. The district court did not address Marshall's motions to amend, for discovery, to take a voluntary nonsuit, or to dismiss Loudoun.

Marshall filed a Fed. R. Civ. P. 59(e) motion to reconsider. Marshall primarily argued that Congress's extension of citizenship to include the state where a corporation has its principal place of business is without constitutional authority. The motion referred to Marshall's prior response to the motion to dismiss but did not elaborate in any way.

On August 28, TMS and TMCC filed opposition to the motion. Loudoun served similar opposition on August 31. On September 9,

3

the court informed the parties that it would again rule without oral argument. On September 10, 1998 (well beyond the three-day deadline for reply briefs set forth in E.D. Va. R. 7(E)(1)), Marshall filed a supplemental memorandum, objecting to the denial of oral argument and contending that Defendants had failed to prove that Loudoun's principal place of business was in Virginia. Marshall also attached a proposed amended complaint, stating that Loudoun "is a foreign corporation with a place of business [in Virginia], but with its principal office at 15525 Frederick Road, Rockville, MD 20855 as shown in its Articles of Incorporation."

The district court denied Marshall's motion to reconsider, finding that Congress's extension of citizenship was constitutional. The district court did not address Marshall's supplemental filing nor any other arguments. Marshall timely appealed.

## II. INCOMPLETE DIVERSITY

It is undisputed that Marshall's complaint, as pled, did not properly allege complete diversity between the parties. Marshall stated that she was a citizen of Virginia and that Loudoun, for diversity purposes, was also a citizen of Virginia. Loudoun admitted in its answer that its principal place of business was in Virginia. The presence of a defendant who is a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal jurisdiction. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir. 1978).

Marshall's contentions regarding Loudoun's articles of incorporation are meritless. Maryland law provides that each Maryland corporation must have "a principal office in this State." Md. Code Ann. Corps. & Ass'ns § 2-108(a) (1993). Loudoun's compliance with the Maryland statute by listing an office in Maryland does not give rise to a legitimate inference that its principal place of business was in Maryland for diversity purposes.

Absent this improper inference and Marshall's counsel's contentions that he "had no knowledge or information" as to Loudoun's principal place of business when he filed the complaint,* the only evi-

_____

*Fed. R. Civ. P. 11 requires that an attorney alleging factual contentions must have evidentiary support and that the contentions must be based on a reasonable inquiry. Marshall's counsel offers no explanation for the supposed pleading mistake.

4

dence remaining regarding Loudoun's principal place of business was the allegations in the complaint and Loudoun's admissions thereof. Because Marshall offers no reason to believe that the allegations in the complaint were a mistake or that Loudoun's answer was fraudulent, we find that the district court properly dismissed the case for lack of diversity.

## III. DENIAL OF MISCELLANEOUS MOTIONS

In her opposition to Appellees' motions to dismiss, Marshall moved to amend her complaint to delete the reference to Loudoun's principal place of business as in Virginia. Marshall reiterated this motion in her untimely supplemental memorandum on reconsideration and attached a proposed amended complaint. However, as discussed above, Marshall had no good faith basis for contending that her original allegations, which were admitted by Loudoun, were incorrect. Marshall points only to the articles of incorporation, which are unavailing as they only state where Loudoun's principal Maryland office would be and not where Loudoun's principal place of business would be. Therefore, we affirm the district court's implicit denial of this motion.

Marshall also moved in her opposition to dismiss Loudoun as a defendant in order to preserve complete diversity. Marshall did not reiterate this motion on reconsideration. While non-diverse parties may be dropped to achieve diversity, the right to drop a party is not automatic and permission is committed to the discretion of the trial court. See Caperton, 585 F.2d at 692. Based on the untimely nature of Marshall's first request, her failure to raise the issue on reconsideration, and the fact that she failed to separately and clearly file a motion to dismiss Loudoun, we find that the district court did not abuse its discretion in implicitly denying this motion.

## IV. ORAL ARGUMENT

A district court retains the discretion to decide motions without oral argument. See Fed. R. Civ. P. 78. In this case, regarding the motion to dismiss, the district court had a very simple case before it: the face of Marshall's complaint showed that there was no federal jurisdiction. As of the day before the hearing and at the time of the court's deci-

5

sion to forego oral argument, the court had not received any opposition from Marshall, and the time for filing such opposition had passed. While Marshall belatedly filed opposition and additional motions, we hold that the district court did not err in electing to decide the motion to dismiss on the filings.

Concerning the motion for reconsideration, again the issue before the district court was straightforward: Marshall contended that Congress's definition of corporate citizenship was unconstitutional. This position was not legally supportable, was quickly rejected by the district court, and has not been raised again on appeal. While Marshall incorporated by reference all motions and alternate actions raised in her prior response, these issues were not discussed and no reason was provided for the court to alter or amend its judgment. Again, Marshall belatedly filed a supplemental memorandum with additional arguments after the court had already determined that oral argument was unnecessary. However, we find that the district court's decision to decide the motion without oral argument was a proper exercise of discretion.

## V. DISMISSAL OF ALL PARTIES

On appeal, Marshall argues for the first time that dismissal of all parties was improper, because TMM and TRW had defaulted. However, Marshall never moved for default in the district court, as required. See Fed. R. Civ. P. 55(b). Further, Marshall has offered no proof that TMM and TRW were properly served. Accordingly, we find that dismissal of all defendants was proper.

Thus, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6